**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LONDON DIVISION**

**IN RE**

**STEVEN BRADLEY JOSEPH CLAY** **CASE NO. 21-60208**
**SOMMER BROOKE CLAY**

**DEBTORS**

**JAMES R. WESTENHOEFER, TRUSTEE** **PLAINTIFF**

**V.** **ADV. NO. 21-6004**

**CHRYSLER CAPITAL, ET AL.** **DEFENDANTS**

# MEMORANDUM OPINION

This matter is before the Court on cross-motions for summary judgment filed by the Defendant Santander Consumer USA Inc., d/b/a Chrysler Capital [ECF No. 27], and the Plaintiff James R. Westenhoefer in his capacity as Chapter 7 Trustee [ECF No. 29]. A hearing was held on December 16, 2021, and the matter taken under submission. The Trustee's Motion for Summary Judgment is granted, and Chrysler Capital's Motion for Summary Judgment is denied.

## I. The Undisputed Facts.

### A. Chrysler Capital's Lien.

On February 29, 2020, the Debtors signed a Retail Installment Sale Contract ("Contract") with Tim Short Motors, LLC ("Dealership") for the purchase of a 2020 Jeep Renegade, VIN: ZACNJBBB0LPL09797 ("Vehicle"). [ECF No. 26 at ¶¶ 1, 2, Joint Ex. 1.] The Debtors listed their address on the Contract as "4 Meadows Trailer Park, Corbin, (WHITLEY), KY 40701." [*Id*. at ¶ 4.]

The Dealership prepared a form TC 96-182 Application for Title and Registration ("Application"). [*Id*. at ¶ 6, Joint Exs. 1 and 2.] The Application was signed by the Debtors and the Dealership, and the Debtors' signature was notarized. [*Id*.] The Application lists the same address as the Contract. [*Id.*]

The Dealership also prepared a Title Lien Statement that was filed with the Whitley County Clerk on March 13, 2020. [*Id*. at ¶ 8, Joint Ex. 5.] A Certificate of Title issued noting the lien in Whitley County. [*Id*. at ¶ 8; Joint Ex. 6.]

The Contract was subsequently assigned to Chrysler Capital. [*Id*. at ¶ 3.]

**B. The Chapter 7 Bankruptcy.**

The Debtors filed their chapter 7 petition on March 29, 2021. [*Id*. at ¶ 5, Joint Ex. 2.] The Petition lists the Debtors' address as 4 Ruggles St., Corbin, KY 40701. [*Id*.] The Petition indicates this address is in Whitley County, Kentucky. [*Id*.]

On March 30, 2021, James R. Westenhoefer was appointed chapter 7 trustee. [*Id.* at ¶ 10.] The Trustee researched the Debtors' address and discovered the Debtors' residence is in Knox County, not Whitley County. [*Id*. at ¶ 11, Joint Ex. 7.] The parties stipulated: "The Debtors lived in Knox County at the time they purchased the Vehicle and at the time the bankruptcy was filed." [*Id.* at ¶ 12.]

**C. The Avoidance Proceeding.**

The Trustee filed this adversary proceeding on April 23, 2021. [ECF No. 1.] The Trustee, acting as a hypothetical judicial lien creditor under 11 U.S.C. § 544, seeks to avoid Chrysler Capital's lien because it is unperfected under Kentucky law. [*Id.*] The Trustee maintains the lien is unperfected because Chrysler Capital did not note its lien in the Debtors' correct county of residence as required by K.R.S. § 186A.190. [*Id*.]

Chrysler Capital filed an answer on May 10, 2021. [ECF No. 8.] Chrysler Capital contends that its lien is perfected pursuant to the July 15, 2020 amendments to K.R.S. § 186A.190, which now allow a creditor to rely on a borrower's representation of his county of residence on a notarized state form.

The parties' filed cross-motions for summary judgment and related papers. [ECF Nos. 27, 28, 29, 34, 35, 36, 37.] Chrysler Capital argues that the amendments to K.R.S. § 186A.190 control; the Trustee seeks application of the previous, well-settled law. The July 15, 2020 amendments to the statute are only applicable if they are retroactive to the perfection of the lien in March 2020. If retroactive, then the issue is whether Chrysler Capital properly perfected its lien pursuant to the amended requirements.

## II. Summary Judgment Standard.

Summary judgment is appropriate if "there is no genuine dispute as to any material fact" and "the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56 (incorporated by FED. R. BANKR. P. 7056); *Menninger v. Accredited Home Lenders (In re Morgeson)*, 371 B.R. 798, 800–01 (6th Cir. B.A.P. 2007). The parties filed joint stipulations and agreed that there are no genuine issues of material fact. Resolution of this case requires interpretation of a statute, which is a matter of law. *Derungs v. Wal-Mart Stores, Inc.*, 374 F.3d 428, 431 (6th Cir. 2004) (citing *Royal Geropsychiatric Services, Inc. v. Tompkins*, 159 F.3d 238 (6th Cir. 1998)). No additional evidence is necessary, and the matter is ready for judgment.

## III. Chrysler Capital's Lien Is Unperfected and Avoidable.

K.R.S. § 186A.190 outlines the procedure for perfecting a security interest on a titled vehicle. Under the law existing in March 2020, the notation of Chrysler Capital's lien was required in the county where the Debtors resided. *See* K.R.S. § 186A.190(2) (effective July 14,

2018) ("… the notation of security interests relating to property required to be titled in Kentucky through the county clerk shall be done in the office of the county clerk of the county in which the debtor resides."). *See also Johnson v. Branch Banking and Trust Co*., 313 S.W.3d 557, 561 (Ky. 2010) (holding perfection of a vehicle lien does not occur until physical notation is made on the title).

A creditor whose lien is noted in the wrong county cannot prevail over a bankruptcy trustee exercising his § 544 rights, even if the debtor is the source of the incorrect information. *See, e.g., Vanderbilt Mortgage and Finance, Inc. v. Higgason (In re Pierce)*, 471 B.R. 876, 882 (B.A.P. 6th Cir. 2012) (holding a lien is avoidable under § 544 as unperfected under Kentucky law where the lien was noted in the wrong county of residence); *Westenhoefer v. Bank of the West (In re Eldridge)*, No. 19-61330, 2020 WL 1182668, at *1-2 (Bankr. E.D. Ky. Feb. 25, 2020) (same).

Chrysler Capital admits that its lien was noted in the wrong county (Whitley County instead of Knox County). So Chrysler Capital's lien is unperfected under then-existing law and subject to avoidance. But Chrysler Capital argues changes to K.R.S. § 186A.190, effective on July 15, 2020, apply and alter this result. That argument fails because the new law was not then in effect.

**IV. The Subsequent Amendments to K.R.S. § 186A.190 Do Not Apply Retroactively.**

Amendments to K.R.S. § 186A.190 that took effect July 15, 2020, allow reliance on a debtor's notarized representation of his or her county of residence on a state-approved form. Subsection (2) now provides:

> (2) A motor vehicle dealer, a secured party or its representative, an assignee of a retail installment contract lender, or a county clerk *shall rely on a county of residence designated by the debtor on any approved, notarized state form utilized in lien titling or the title transfer process signed by the debtor*. Reliance on the

> foregoing by the motor vehicle dealer, secured parties, and county clerk shall relieve those persons from liability to any third party claiming failure to comply with this section.

K.R.S. § 186A.190 (effective July 15, 2020) (emphasis supplied).

Amended subsection (2) and additional changes to K.R.S. § 186A.190 appear to address the situation Chrysler Capital faces. Chrysler Capital relied on the notarized Application that identified Whitley County as the Debtors' county of residence, the same county where the lien was noted on the title. The Trustee has raised a drafting issue with the amended language and a problem with the notarized state form that are not addressed because the amendments do not apply.

Changes to Kentucky law are presumptively prospective. K.R.S. § 446.080(3). Retroactive application of an amended statute is strictly construed. *Baker v. CIT Group/Consumer Finance, Inc. (In re Hastings)*, 353 B.R. 513, 518 (Bankr. E.D. Ky. 2006). "Kentucky law prohibits the amended version of a statute from being applied retroactively to events which occurred prior to the effective date of the amendment unless the amendment expressly provides for retroactive application." *Commonwealth Dep't of Agric. v. Vinson*, 30 S.W.3d 162, 168 (Ky. 2000).

There is no language in the amended statute that suggests the amendments are retroactive. Chrysler Capital has not identified any evidence to support a conclusion that the legislature intended the amendments to apply retroactively. Further, no evidence of such intent was independently located. The prior law controls this dispute.

**V. The Petition Date Is Immaterial.**

Chrysler Capital also argues the Trustee is bound by the 2020 amendments because the bankruptcy petition was filed, and the Trustee's rights vested, after their effective date. *See*

*Rogan v. New South Federal Savings Bank (In re Pelfrey)*, 419 B.R. 10, 20 (B.A.P. 6th Cir. 2009). *Pelfrey* and other case law hold that Kentucky law prohibits retroactive application of an amended statute when doing so would impair a party's vested rights. *See Pelfrey*, 419 B.R. at 8-9; *Select Portfolio Services, Inc. v. Burden (In re Trujillo)*, 378 B.R. 526, 538 (B.A.P. 6th Cir. 2007); *Kendrick v. CIT Small Business Lending Corp. (In re Gruseck & Son, Inc.)*, 385 B.R. 799, at *6 (B.A.P. 6th Cir. 2008); *Countrywide Home Loans, Inc. v. Gardner (In re Henson)*, 391 B.R. 210, at *7 (B.A.P. 6th Cir. 2008).

The 2020 amendments to K.R.S. § 186A.190 are not retroactive, so there is no concern about impairing the Trustee's vested rights or the time those rights arose.

**VI. Conclusion**.

Chrysler Capital's lien is unperfected under the version of K.R.S. § 186A.190 in effect in March 2020. The July 2020 amendments to K.R.S. § 186A.190 are not retroactive and cannot save Chrysler Capital from the avoidance of its lien by the Trustee under § 544.

Therefore, it is ORDERED that the Trustee's Motion for Summary Judgment [ECF No. 29] is GRANTED and Chrysler Capital's Motion for Summary Judgment [ECF No. 27] is DENIED. A separate judgment shall enter concurrently with this Memorandum Opinion consistent with the ruling herein.



---

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**




**Signed By:**
***Gregory R. Schaaf***
**Bankruptcy Judge**
**Dated: Thursday, December 30, 2021**
**(grs)**